IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JONATHAN MCNEER**                                                                                          **PLAINTIFF**

**V.**                                                   **CAUSE NO.: 4:17cv57-DMB-JMV**

**BOLIVAR COUNTY, MISSISSIPPI
SHERIFF KELVIN WILLIAMS, SR
IN HIS OFFICIAL CAPACITY,
WARDEN ORA STARKS, IN HER OFFICIAL
CAPACITY, LIEUTENANT OLLIE HALL,
SERGEANT NELSON BRENSON, SERGEANT RALPH
BUTLER, OFFICER WARREN BROWN, AND OFFICER
JOHN DOE, ALL IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES**                                                     **DEFENDANTS**

**AMENDED COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Jonathan McNeer, and files this, his Complaint against the Defendants, Bolivar County, Sheriff Kevin Williams, Sr., In His Official Capacity, Bolivar County Correctional Facility, Warden Ora Starks, In Her Official Capacity, Lieutenant Ollie Hall, Sergeant Nelson Brenson, Sergeant Ralph Butler, Officer Warren Brown, and Officer John Doe, All In Their Individual and Official Capacities (hereinafter "Defendants", and alleges the following:

PARTIES

1. Plaintiff, Jonathan McNeer (hereinafter Plaintiff), is an adult resident citizen of Mississippi, residing at 311 Powell Street, Grenada, MS 38901.

2. Defendant Bolivar County (hereinafter Defendant County) is a state entity which can be served with process by service on the Bolivar County Chancery Clerk, Brenett Haynes, located at 200 S Court Street, Cleveland, MS 38732.

3. Defendant Sheriff Kevin Williams, Sr. (Defendant Sheriff Williams), employed with Bolivar County, is an adult resident citizen of Mississippi, and he may be served with process at 2792 Highway 8, Cleveland, MS 38732.

4. Defendant Warden Ora Starks (hereinafter Defendant Warden) employed with the Bolivar County Regional Correctional Facility, is an adult resident citizen of Mississippi, and she may be served with process at 2792 Hwy 8 West, Cleveland, MS 38732.

5. Defendant Lieutenant Ollie Hall (hereinafter Defendant Lt. Hall) employed with the Bolivar County Regional Correctional Facility, is an adult resident citizen of Mississippi, and he may be served with process at 2792 Hwy 8 West, Cleveland, MS 38732.

6. Defendant Sergeant Nelson Brenson (hereinafter Defendant Sgt. Branson) employed with the Bolivar County Regional Correctional Facility, is an adult resident citizen of Mississippi, and he may be served with process at 2792 Hwy 8 West, Cleveland, MS 38732.

7. Defendant Sergeant Ralph Butler (hereinafter Defendant Sgt. Butler) employed with the Bolivar County Regional Correctional Facility, is an adult resident citizen of Mississippi, and she may be served with process at 2792 Hwy 8 West, Cleveland, MS 38732.

8. Defendant Officer Warren Brown (hereinafter Defendant Brown) employed with the Bolivar County Regional Correctional Facility, is an adult resident citizen of Mississippi, and he may be served with process at 2792 Hwy 8 West, Cleveland, MS 38732.

9. Defendant Officer John Doe (hereinafter Defendant Doe) employed with the Bolivar County Regional Correctional Facility, is an adult resident citizen of Mississippi, and he may be served with process at 2792 Hwy 8 West, Cleveland, MS 38732.

## JURISDICTION

10. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

11. This Court has *in personam* jurisdiction over the Defendants in that all defendants are residents of or do business in Bolivar County, Mississippi.

## VENUE

12. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Bolivar County, Mississippi.

## UNDERLYING FACTS

13. At all times relevant herein, Defendant Sheriff Williams was an employee of Defendant County and responsible for the acts and/or omissions of Defendants Starks, Hall, Branson, Butler, Brown, and Does (employees of Defendant BCRCF).

14. On or about June 3, 2016, Plaintiff was an inmate at Defendant BCRCF. Defendant Hall, Branson, Butler, Brown, and Doe approached Plaintiff's zone and instructed him to exit the cell and step into the hall. Defendants made sure to stand in a blind spot for the video cameras within the facility.

15. Upon Plaintiff stepping into the hall, Defendants began to question Plaintiff about suspicious items or contraband that was being passed out earlier that morning. Plaintiff told the Defendants that he knew nothing about the items nor contraband.

16. Immediately thereafter, Defendants Hall, Branson, Brown, and Doe began to brutally beat Plaintiff with their nightsticks. While Plaintiff was being attacked, Defendant Sgt. Butler watched and did nothing. Plaintiff resulting injuries included knots on his head, contusion to right back of head, lump in the front of his head, and contusions along his back.

17. Plaintiff informed Defendants of prior brain injuries, requested medical assistance at an emergency room by way of the head of security, but he was refused any medical treatment.

18. Plaintiff was seen by a nurse within the facility three (3) days later and given Tylenol, ibuprofen, a sleep aid, and instructed to go to sleep. No hospital treatment was provided to Plaintiff.

19. Subsequent to the subject incident, Defendant Lt. Hall asked Plaintiff if he wanted to take photographs of his injuries. Plaintiff responded with the answer "yes" and Defendant Lt. Hall immediately threatened to place a pair of brass knuckles in Plaintiff's belongings. Later, Defendant Officers attempted to bribe Plaintiff with a cell phone and tobacco to stay silent.

20. Based upon information and belief, Defendants Starks, Hall, Branson, Butler, Brown, and Doe were employees of Defendant BCRCF at the time of the subject incident.

21. As a result of the Defendants' negligent actions, Plaintiff sustained injuries.

## COUNT ONE
## INJUNCTION PROHIBITING FUTURE CONDUCT
## OF A SIMILAR CHARACTER, KIND OR NATURE

22. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

23. The Plaintiff is entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character or nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of this Court.

## COUNT TWO
## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE OFFICERS INVOLVED

24. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

25. The Defendants, Bolivar County, Sheriff Williams, Warden Starks, were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officers Hall, Branson, Butler, Brown, and Doe. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly question or interrogate the Plaintiff and other similarly situated individuals. All Defendants negligently and/or wantonly failed to properly follow and/or apply their own facility's regulations, policies, and procedures, as well as state law generally. Defendants Bolivar County, Sheriff Williams, and Warden Starks failed to properly train and supervise the actions of Defendant Officers Hall, Branson, Butler, Brown, and Doe.

5

26. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial herein.

## COUNT THREE
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

28. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

29. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

30. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial herein.

## COUNT FOUR
## CIVIL ASSAULT AND BATTERY

31. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

32. The Defendants are liable for civil assault and battery. The Plaintiff alleges that Defendants Officers intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his mind, spirit, and bodies by forcefully beating Plaintiff with nightsticks for several minutes. Defendants caused the Plaintiff to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

33. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

34. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
### VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAW UNDER 42 U.S.C. Section 1983 AND U.S.C. Section 1343 et al.

35. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

36. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights, equal protection rights, and conditions of confinement under the 4th, 5th, 8th, and 14th Amendments.

37. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT SIX
### EXCESSIVE FORCE

38. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

39. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

40. All Defendants are jointly and severally liable to the Plaintiff for the following damages: contusions to the back of the head and along the back, lump in the front of his head, knots on his head, past, present and future pain, suffering and mental and emotional anguish; and all other damages to be proved at trial.

41. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

42. The acts of the Defendants enumerated herein were so grossly negligently and reckless; utterly offensive; and were committed with such reckless disregard for the rights of the Plaintiff and others similarly situated, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**COUNT SEVEN**
**DELAY / DENIAL OF ACCESS TO MEDICAL CARE**

43. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

44. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's medical condition, took actions to deprive Plaintiff of his rights to medical care despite repeated requests by Plaintiff for same.

45. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT EIGHT
## BYSTANDER LIABILITY

46. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

47. Plaintiff would show unto the Court that the Defendant Butler, observed the physical attacks on and threats to Plaintiff by other officers, and failed to intervene despite a reasonable belief that what was happening was unconstitutional and unreasonable.

48. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT NINE
## RECKLESS ENDANGERMENT

49. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

50. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff health condition, took actions that placed Plaintiff's life in danger due to prior brain injury.

51. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## PRAYER FOR APPROPRIATE RELIEF

52. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

53. As a result of the constitutional violations at the hands of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

54. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

55. All Defendants are jointly and severally liable to the Plaintiff or the following damages: trauma to head and back, past, present, and future pain, suffering and mental anguish; and all other damages to be proved at trial.

56. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

57. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of

punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by federal law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by federal law, plus any recovery to be determined by a jury and allowed under any applicable federal laws and guidelines.

Respectfully submitted, this the 15th day of June, 2017.

                        **JONATHAN MCNEER, PLAINTIFF**

      **BY:**    *s/ Carlos E. Moore*
                 **CARLOS E. MOORE, MSB# 100685**

**OF COUNSEL:**

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

## **CERTIFICATE OF SERVICE**

  I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

S. Ray Hill, III, Esq.
CLAYTON O'DONNELL, PLLC
P. O. Drawer 676
Oxford, MS 38655

THIS, the 15th day of June, 2017.

              _s/ Carlos E. Moore_
              CARLOS E. MOORE, ESQ.